Staples, J.,
delivered the opinion of the court.
The court is of opinion that the deed executed by William L. Anderson on the 8th of August, 1854, to Shelton F. Leake, trustee, vested in Mrs. Martha J. Anderson, the wife of the grantor, a life estate in the trust property, not jointly with the children of the grantor, but for the separate use and benefit of Mrs. Anderson. It was the intention of the grantor to give to his wife the trust property for her life, relying upon her discretion and affection for the children so to dispose *of the income as would most conduce to the support and comfort of the family. He very properly thought it was best to entrust her with the management and control of the property, rather than to raise unpleasant contentions between her and the children in respect to the proper use and application of the trust estate. The language of the deed in this particular is too plain to create a doubt as to the real purpose and meaning of the grantor. .
The court is further of opinion that no particular form of words is necessary to create a trust for the separate use of the wife. Whenever it appears from the nature of the transaction, or from the whole context of the instrument limiting the property to the wife, she is intended to take the sole use, that intention will be carried into effect. Bright’s Husband and Wife, page 310. Where the conveyance is by the husband to the wife, or a third person for her benefit, as a general rule it will be construed as operating to her separate use, although no such words are used as would be necessary to a separate estate in a conveyance by a stranger. Sayers et als. v. Wall, 26 Gratt. 354; Hulme v. Tenant, 1 Lead. Cases in Eq., Part 2d, 679, 733. The reason is said to be that otherwise the conveyance would be wholly inoperative. Whether this principle would apply in every case where there is a conveyance of the fee by the husband to the wife, or to a trustee for her benefit, may nQt be so clear. Upon -this point, it is unnecessary now to express an opinion.
In the present case it is apparent it was the purpose of the grantor to confer upon his wife a separate use in the life estate. In no other way can the deed take effect. For if upon its execution the martial rights of the husband attached upon the life estate of the wife, the whole object and design of the deed in providing for her and the children is necessarily defeated. The court, in order to give effect to the instrument, will construe it according *to the manifest intent of the husband, as conferring upon the wife a separate estate, free from the control and liabilities of the former, and subject to all the rules incident to such estates.
The court is further of opinion that whenever a feme covert, having a separate property, executes an obligation for the payment of money as principal or surety, it is to be presumed, in the absence of evidence to the contrary, it was her intention to charge such property with the debt. Burnett & wife v. Hawpe, 25 Gratt. 481; 26 Gratt. 878.
The debts which are the subject of controversy here, are evidenced by the bonds and notes of Mrs. Anderson and executed by her as principal, or as surety for other parties. It must be presumed it was her purpose to create a charge upon her separate estate, since in no other way can her acts have any effect. By the decree of the circuit court the accruing rents of the “Wertland property” are directed to be applied to the discharge of the debts in question, and in this we think there is no error. The decree is therefore affirmed.
Decree affirmed.